# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SAMANTHA CRESS<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST CREDIT SYSTEM L.P.<br><br>Defendant. | **COMPLAINT** |

## INTRODUCTION

1. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 47 U.S.C. § 227 and 15 U.S.C. § 1692.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.  Samantha Cress ("Cress" or "Plaintiff") is a natural person who resides in Belton, Missouri.

6.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.  Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.  Southwest Credit System, LP ("Southwest Credit") is a foreign corporation that regularly transacts business in the state of Missouri.

9.  Upon information and belief, Southwest Credit's principal business is the collection of consumer debt.

10. Southwest Credit is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Within four years of filing this Complaint, Southwest Credit repeatedly contacted Cress on her cellular telephone at (816) 352-8460.

12. Southwest Credit was contacting Cress to collect an allegedly outstanding debt.

13. The debt at issue was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by U.S.C. § 1692a(5).

## TCPA Violations

14. At all times relevant to this Complaint, Southwest Credit used, controlled, and operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

15. At all times relevant to this Complaint, Southwest Credit used, controlled and utilized "artificial or prerecorded voice messages" as defined by the TCPA, 47 U.S.C. § 227(a)(1).

16. Southwest Credit repeatedly initiated calls to Cress using an automatic telephone dialing system.

17. Upon information and belief, these calls came from a variety of numbers, including but not limited to (816) 256-5897, (816) 536-9129, (816) 559-8332, (816) 759-8998 and (816) 871-5713.

18. Within these calls to Cress, Southwest Credit utilized pre-recorded messages.

19. Cress will testify that upon answering several of these calls, she would hear a prerecorded message and was not immediately connected to a live person.

20. Southwest Credit did not have Cress' prior express consent to call her cellular telephone number.

21. Additionally, Cress informed representatives of Southwest Credit that she was represented by counsel with regard to the debt and that she wanted the calls to her cellular phone to stop.

22. Southwest Credit should have discontinued future calls after being informed by Cress that she was represented and wanted the calls to stop.

23. Instead, Southwest Credit continued to call Cress daily notwithstanding her requests that the calls cease.

24. Pursuant to the TCPA, calls to a cellular phone that are initiated with an automatic telephone dialing system or utilizing prerecorded messages are prohibited unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

25. Southwest Credit's repeated autodialed calls to Cress's cell phone were unlawful communications in violation of the TCPA.

26. Furthermore, Southwest Credit's failure to cease contacting Cress after being requested to do so constituted willful violations of the TCPA, entitling Cress to treble damages.

## FDCPA Violations

27. On or about, August 31, 2016, Cress informed Southwest Credit that she was represented by an attorney and provided her attorney's contact information.

28. Despite receiving notice that Cress was represented by an attorney, Southwest Credit has continued to contact Cress by telephone.

29. These communications by Southwest Credit violated 15 U.S.C. § 1692c(a)(2), which prohibits debt collectors from communicating with consumers after receiving notice that the consumer is represented by an attorney.

30. Furthermore, Southwest Credit's calling practices were harassing Cress, in violation of 15 U.S.C. § 1692d, which prohibits debt collectors from engaging in any conduct with the intent to annoy, harass, or oppress a consumer.

31. As a result of Southwest Credit's calling practices, Cress has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, among other negative emotions, as well as suffering from unjustified and abusive invasions of his personal privacy.

32. Southwest Credit's conduct constituted multiple violations of the FDCPA and entitles Cress to actual damages, statutory damages attorney's fees and costs as provided under the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Southwest Credit as follows:

### COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B);

- For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3);

- For such other and further relief as may be just and proper.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## 15 U.S.C. § 1692

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- For such other and further relief as may be just and proper;

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

CREDIT LAW CENTER LLC

By: **s/Andrew M. Esselman**
Andrew M. Esselman #64837
255 NW Blue Parkway, Suite 200A
Lee's Summit, MO 64063
Tele: (816) 246-7800
Fax: (855) 523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**